UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT JONES, et al.,<br><br>  Defendants. | No. 2:18-cv-2937 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants violated his civil rights by interfering with his legal mail. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and recommend that this action be dismissed without prejudice for failure to exhaust administrative remedies.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**BACKGROUND**

Plaintiff filed his complaint on October 25, 2018. (ECF No. 1.) He identified as defendants: (1) Scott Jones; (2) the County of Sacramento; and (3) Rio Cosumnes Correctional Center. (Id. at 1.) He states he is being retaliated against because he filed a civil rights complaint against Samuel Somers and Scott Jones. (Id. at 3.) He claims officers are delaying and throwing away his legal mail and not handling his mail according to proper procedure. He requests immediate release and that all charges against him be dropped. He also requests monetary compensation for his mental anguish.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

////

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Exhaustion of Administrative Remedies

It is well established that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (citation and internal quotation marks omitted); see also McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006). Thus, "to properly exhaust administrative remedies, prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] rules that are defined . . . by the prison grievance process itself." Jones, 549 U.S. at 218 (2007) (quoting Woodford, 548 U.S. at 88).

On the face of the complaint, plaintiff states a grievance procedure is available at his institution and he has filed a grievance related to the allegations in the complaint, but that the grievance process is not complete. (ECF No. 1 at 2.) Plaintiff recently filed a notice stating he received replies to the grievances he filed regarding the allegations contained in the complaint. (ECF No. 4.) Because it is clear from the face of the complaint that plaintiff did not exhaust available administrative remedies prior to sending his complaint to this court, this court "must dismiss his suit without prejudice." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014)); McKinney, 311 F.3d at 1200-01.

////

The court is required to dismiss this action even though plaintiff indicates in his most recent filing that he has recently received a response to his grievances. (ECF No. 4.) District courts are bound by the PLRA's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal court. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016). Completing the grievance process after the case is filed does not satisfy the PLRA's exhaustion requirement. Booth v. Churner, 532 U.S. 731, 738 (2001) (A plaintiff is required to exhaust administrative remedies before a § 1983 claim may be entertained). Accordingly, the court "must dismiss his suit without prejudice" because it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies before he filed this case. Vaden, 449 F.3d at 1051 (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)). If plaintiff wishes to pursue this claim, he should file a new action once he completes the grievance process.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a district judge to this case;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted;
3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified
////

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/will2937.scrn